UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GRAND CANYON SKYWALK DEVELOPMENT LLC, *et al.*,

        Plaintiffs,

vs.

RUBY STEELE, *et al.*,

        Defendants.

Case No. 2:13-cv-00596-JAD-GWF

**ORDER**

**Motion to Stay Discovery - #48**

This matter is before the Court on "The Tribal Council Defendants'" Motion to Stay Discovery (#48), filed on November 27, 2013. The Co-Defendants David Cieslak, Nicholas Scutari and Scutari & Cieslak Public Relations, Inc. ("SandC Defendants") filed their Joinder to The Tribal Council Defendants' Motion to Stay (#50) on December 3, 2013. Plaintiffs filed their opposition to The Tribal Council Defendants' Motion and SandC Defendants' Joinder (#54) on December 16, 2013. The Tribal Council Defendants filed their Reply in Support of their Motion to Stay (#55) on December 24, 2013. The Court conducted a hearing in this matter on December 30, 2013.

**BACKGROUND**

Plaintiffs Grand Canyon Skywalk Development, LLC, David Jin and Theodore Quasula filed their complaint against Defendants on April 8, 2013. *Complaint (#1)*. The complaint alleges claims for defamation, business disparagement, and civil conspiracy. Defendants Steele, Hunter, Honga, Vaughn, Counts, and Whatoname are allegedly enrolled members of the Hualapai Indian Tribe. The complaint alleges that Defendant Vaughn is a former chairman of the Hualapai Tribe ("Tribe"), that Defendant Counts is the current chairman of the Tribe, and Defendant Whatoname

is the "one-time chairman" of the Tribe. *Complaint (#1)*, ¶¶ 10-15. These Defendants refer to themselves collectively as the "Tribal Council Defendants." Neither The Hualapai Tribe nor its Tribal Council, however, are named as defendants in this action.[1]

This action arises out of a long-running dispute relating to the construction and operation of the Grand Canyon Skywalk ("Skywalk") and associated Visitors Center. The Skywalk is a tourist attraction platform that hangs out over the western rim of the Grand Canyon. The Skywalk is located on the Hualapai Indian Reservation in northwest Arizona. Plaintiff Grand Canyon Skywalk Development, LLC ("GCSD") contracted with a tribally chartered corporation to build the Skywalk and Visitors Center and thereafter manage its operation. Plaintiff Jin is the main principle of GCSD. Plaintiff Quasula, who is also an enrolled member of the Tribe, is the former manager of GCSD. *Complaint (#1)*, ¶¶7-8. One of the issues between GCSD and the Tribe relates to who was responsible under the contract for constructing improvements to supply water, sewer and electrical service to the Visitors Center building. Plaintiffs allege that it was the Tribe's responsibility to make the improvements.

GCSD and the Hualapai Tribe have been involved in separate legal proceedings regarding their respective rights and obligations under the Skywalk contract(s). This includes an arbitration proceeding that GCSD commenced pursuant to terms of the contract. The Tribe refused to participate in the arbitration proceeding, which went forward without it and resulted in an arbitration award in favor of the GCSD. That award was confirmed by the Federal District Court for the District of Arizona. The Tribe has appealed the confirmation of the arbitration award to the Ninth Circuit where the matter is currently pending. The Tribe also passed an eminent domain ordinance to prepare for condemnation of GCSD's contract rights under the agreement with the

. . .

---

[1] The term "Tribal Council Defendants" may be a useful shorthand for referring to the foregoing Defendants. It is also a loaded term to the extent it suggests that these defendants were acting as members of and on behalf of the Hualapai Tribal Council in regard to the communications that are the subject of this action. For purposes of this Order, the Court uses the term "Tribal Defendants" to refer to Defendants Steele, Hunter, Honga, Vaughn, Counts and Whatoname and distinguish them from Co-Defendants Cieslak, Scutari and Scutari and Cieslak Public Relations.

Hualapai Tribe. The Tribe's efforts to proceed with the condemnation of GCSD's contractual rights is also the subject of separate legal proceedings.

Plaintiffs allege in this action that "[k]nowing that the eminent domain ordinance would be unpopular, and that there needed to be a breach of the 2003 Agreement, some of the Defendants conspired to defame and disparage Jin, Quasula, and GCSD in the hope of gaining support for the ordinance and a future taking." *Complaint (#1)*, ¶ 62. Plaintiffs allege that the Tribal Defendants and SandC Defendants entered into a publicity campaign to publish false statements about Plaintiffs to various newspapers and other media outlets, including the *Las Vegas Review Journal*, the *Las Vegas Sun*, the *Arizona Republic*, and *Arizona Daily Star*. Among the allegedly false statements, Defendants allegedly stated Plaintiffs had breached their duty to construct the onsite improvements for water, sewer and electricity, leaving the Visitors Center in an unfinished and dilapidated condition. Plaintiffs allege that Defendants knew or should have known of the falsity of their statements.[2]

The Tribal Defendants filed a motion to dismiss and/or stay Plaintiffs' complaint on June 7, 2013. *Motion to Dismiss and/or Stay (#20)*. The motion seeks dismissal on a number of grounds, including: (1) the complaint fails to state a claim for defamation as a matter of law under Fed.R.Civ.Pro. 12(b)(6); (2) Plaintiffs claims must be dismissed, pursuant to Nevada's Anti-SLAPP statute, NRS 41.650, and the federal *Noerr-Pennington Doctrine,* because they improperly interfere with the Tribal Defendants' right to petition; (3) the Court lacks personal jurisdiction over the Tribal Defendants; (4) the Court lacks subject matter jurisdiction based on Plaintiffs' failure to exhaust their Tribal Court remedies; and (5) the Tribal Defendants enjoy sovereign immunity. The SandC Defendants also filed a motion to dismiss for improper venue or alternatively for dismissal of Plaintiffs' complaint on May 21, 2013. *Motion to Dismiss (#17)*. These Defendants argue that jurisdiction only lies against the Defendants in the Hualapai Tribal Court. Alternatively, the SandC Defendants also argue that Plaintiffs have failed to plead a sufficient claim for defamation against

---

[2] The Court does not attempt here to recount all of the statements allegedly made by the Defendants that Plaintiffs claim are defamatory.

1  the Defendants.  Both motions were fully briefed as of July 19, 2013 and are currently pending
2  before the District Court.
3        On August 5, 2013, the undersigned magistrate judge issued an order requiring the parties to
4  file a stipulated discovery plan and scheduling order in compliance with Local Rule (LR) 26-1 by
5  August 15, 2013.  *Order (#34)*.  The parties complied by filing a proposed discovery plan and
6  scheduling order which the Court approved on August 16, 2013.  *Scheduling Order (#37)*.  In their
7  discovery plan, the parties requested 272 days for discovery because the Defendants' motions to
8  dismiss and/or stay were pending before the court.  *Id.*
9        The Tribal Defendants filed the subject motion to stay discovery (#48) on November 27,
10  2013.  The filing of the motion was prompted by each Plaintiff having served Defendant Charles
11  Vaughn, Sr. in early November with separate sets of interrogatories, requests for production, and
12  requests for admission, totaling 169 individual discovery requests.  *Motion to Stay Discovery (#48),*
13  *pg. 4.*  At or near the same time, each of the Plaintiffs served interrogatories, requests for
14  production and requests for admissions on each of the SandC Defendants.  *Joinder to Tribal*
15  *Council Defendants' Motion to Stay Discovery (#50), pg. 4.*  Prior to the service of these discovery
16  requests, none of the parties had pursued other discovery in this case.  Defendants assert that the
17  discovery requests are directed at Plaintiffs' substantive claims and not at obtaining information or
18  documents relating to the issues of jurisdiction or immunity raised by Defendants in their motions
19  to dismiss.  Defendants argue that the Court should stay discovery until the District Court decides
20  the pending motions to dismiss, thereby relieving Defendants of the unnecessary burden of
21  responding to the discovery if the motions to dismiss are granted.  Plaintiffs oppose a stay of
22  discovery and argue that Defendants have not met their burden to justify the granting of a discovery
23  stay.

**DISCUSSION**

25      A motion to stay discovery is governed by Rule 26(c) of the Federal Rules of Civil
26  Procedure.  Generally, the party seeking a protective order must show good cause.  The party
27  seeking a stay of discovery carries the heavy burden of making a strong showing that the stay
28  should be granted.  *Tradebay, LLC. v. Ebay, Inc.*, 278 F.R.D. 597, 601 (D.Nev. 2011)*, citing*

*Turner Broadcasting Systems, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D.Nev. 1997) and *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The case law regarding a stay of discovery pending a decision on a potentially dispositive motion is discussed at length in *Tradebay* and *Ministero Roca Solida v. Dept. of Fish & Wildlife*, 288 F.R.D. 500 (D.Nev. 2013). This court adopts the legal analysis in both cases, but will not repeat it here except as necessary to the decision on Defendants' motion for stay in this case.

In *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652 (D.Nev. 1989), the defendant filed a motion to dismiss for failure to state a claim under Fed.R.Civ.Pro. 12(b)(6). The defendant argued that the complaint was premature and "fail[ed] to specify enough facts to constitute a cognizable claim." 124 F.R.D. at 653. In denying the defendant's motion to stay discovery pending a decision on the motion, the court stated that "[t]o show good cause in the Ninth Circuit, the moving party must show more than an apparently meritorious 12(b)(6) claim: 'A district court may . . . stay discovery when it is *convinced* that the plaintiff will be unable to state a claim for relief.' *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)*, cert denied,* 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed2d 654 (1982); *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1979)." *Twin City*, 124 F.R.D. at 653. The court further stated that "a pending Motion to Dismiss is not ordinarily a situation that would warrant a stay of discovery. Common examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues." (citations omitted). *Id.*

In *Turner Broadcasting Systems, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D.Nev. 1997), the court also denied a motion to stay discovery pending a decision on defendant's motion to dismiss under Rule 12(b)(6). The court reiterated the statements in *Twin City, supra*, that the district court must be convinced that the plaintiff will be unable to state a claim for relief, but again distinguished motions to stay pending a decision on a motion to dismiss that raises jurisdictional or immunity issues. *Turner*, 175 F.R.D. at 555-56. Subsequent decisions state that in ruling on a motion to stay discovery, the court "must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602; *Ministero Roca Solida*, 288 F.R.D. at 503.

The standard that the court must be convinced that an underlying Rule 12(b)(6) motion will be granted, before it will grant a stay of discovery, makes sense given that such motions are subject to fairly stringent standards. Although pleading requirements have been significantly tightened as a result of the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), the plaintiff's factual allegations must still be accepted as true and the complaint may only be dismissed if the court finds that plaintiff cannot succeed on his or her claims as a matter of law. Rule 12(b)(6) motions are frequently filed and also frequently denied, in whole or in part. Even where such motions are granted, plaintiffs are often given leave to file an amended complaint to cure the defects in their initial pleading. Discovery would be unnecessarily delayed in too many cases if the district courts applied a lenient standard in staying all discovery until a decision on such a motion.

Motions to dismiss based on lack of personal or subject matter jurisdiction, or immunity from suit raise issues that call for a different standard as to whether discovery should be stayed. A defendant should not be required to participate in burdensome and costly discovery in a forum that has no jurisdiction over him or in a lawsuit brought in any forum when he is immune from suit as a matter of law. The purpose served by laws that grant immunity from suit, in particular, would be significantly undermined if the defendant was required to bear the burden and expense of litigation until he could obtain a court order establishing his immunity. The court also has an interest in not providing a forum and being required to supervise discovery in a dispute over which it lacks subject matter jurisdiction. This does not mean, however, that a defendant is entitled to a stay of discovery anytime he raises issues of jurisdiction or immunity from suit. "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay*, 278 F.R.D. at 600-01, citing *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D.Cal. 1995). It is, however, within the discretion of the court to grant a stay where it appears that the moving party has raised a potentially valid defense based on lack of jurisdiction or immunity from suit. Certain discovery may, of course, be authorized where it is needed on the issues of jurisdiction or immunity, or if a party would be potentially prejudiced by the loss of evidence if discovery is postponed.

Having reviewed Plaintiffs' complaint and the briefs on the motions to dismiss, the Court is not convinced to a certainty that Plaintiffs cannot state a claim for relief against the Defendants for defamation and the related claims for business disparagement and civil conspiracy.  Defendants' motions are based, in part, on the assertion that their alleged statements were non-actionable opinions, rather than statements of fact.  The determination of whether a statement is one of opinion, fact, or a combination of fact and opinion is often a jury question.  *Lubin v. Kunin*, 117 Nev. 107, 113, 17 P.3d 422, 427 (2001); *Holbrook v. Nevada ex rel its Dept. of Corrections*, 2007 WL 2344842, *3 (D.Nev. 2007).  To the extent that Plaintiffs' factual allegations may be deficient, Plaintiffs may be able to cure those defects in an amended pleading.  There is also a disputed issue whether the Plaintiffs qualify as "limited public figures" such that they are required to prove that Defendants' defamatory statements were made with actual malice.  Even if Plaintiffs are considered public figures, the Court is not convinced to a certainty that Plaintiffs have not alleged or will be unable allege a factual basis to support a finding that the statements were made with actual malice.  Nothing stated herein is intended to suggest, however, that Defendants' motion to dismiss for failure to state a claim will, in fact, be denied.

Defendants have raised potentially valid arguments regarding lack of personal jurisdiction or subject matter jurisdiction, premised on the arguments that they are not subject to personal jurisdiction in Nevada, that the claims may only be brought in the Hualapai Tribal Court or that some of the Defendants are immune from suit based on their membership in the tribe.  Defendants have also raised potentially valid claims regarding application of Nevada's Anti-Slapp statute and the *Noerr-Pennington Doctrine.*  As Defendants note, the Nevada Legislature has recently amended NRS 41.650 to grant immunity from suit and not merely immunity from liability.  The jurisdictional and immunity issues raised by Defendants are sufficiently substantial to justify the Court in considering the granting of a stay of discovery pending a decision on the motions to dismiss.   Some additional factors weigh in favor of a discovery stay at this time.  Defendants' motions to dismiss have been under submission since July 2013 and will probably be decided within the relatively near future.  The Court therefore does not anticipate a lengthy stay of discovery.  Plaintiffs also deferred serving their written discovery until two and one half months

after the scheduling order was filed.  The written discovery relates to the merits of the Plaintiffs' defamation claims and not directly to issues of jurisdiction or immunity.  Under these circumstances, the Court concludes that a stay of discovery pending the decisions on the motions to dismiss is justified.

## CONCLUSION

Defendants have demonstrated good cause for an order staying discovery pending the decision on the motions to dismiss.  Accordingly,

**IT IS HEREBY ORDERED** that the Tribal Defendants' Motion to Stay Discovery (#48) and the SandC Defendants' Joinder (#54) therein, are **granted**.

**IT IS FURTHER ORDERED** that discovery in this action is stayed pending the District Court's decision on Defendants' *Motion to Dismiss (#17)* and *Motion to Dismiss and/or Stay (#20)*. The stay of discovery shall automatically lift upon the denial of either motion, in whole or in part. Within ten days after the decisions on the motions to dismiss, the parties shall file a proposed amended discovery plan and scheduling order as necessary.

DATED this 6th day of January, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge