1

2

3

4

5          **UNITED STATES DISTRICT COURT**

6                **DISTRICT OF NEVADA**

7

8    GRAND CANYON SKYWALK DEVELOPMENT)
     LLC, *et al.*,                              )
9                                                )
                 Plaintiffs,                     )        Case No. 2:13-cv-00596-JAD-GWF
10                                               )
     vs.                                         )        **ORDER**
11                                               )
     DAVID JOHN CIESLAK, NICHOLAS SCUTARI )
12   and SCUTARI & CIESLAK PUBLIC                )
     RELATIONS, INC.                             )
13                                               )
                 Defendants.                     )
14   _____)

15          This matter is before the Court on Defendants' Motion to File Under Seal Its Response to

16   Motion to Dismiss Third-Party Complaint (#108), filed on March 19, 2015.

17          There is a general public right to inspect judicial records and documents. *See Nixon v.*

18   *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *Kamakana v. City and County of*

19   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  This right leads to a "strong presumption in favor

20   of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

21   2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1985)).  In order to seal a

22   dispositive pleading, or an exhibit to a dispositive pleading, the movant must establish "compelling

23   reasons" for the documents to be sealed. *Kamakana*, 447 F.3d at 1179.  Reliance on a blanket

24   protective order alone does not justify the sealing of a court document. *Kamakana*, 447 F.3d at

25   1183; (citing *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 475-476 (9th Cir.

26   1992)).

27          Defendants represent that their Response should be filed under seal because it is protected

28   by the Court's Protective Order (#74).  Defendants allege that the exhibits attached to the Response

1    contain confidential information, which is discussed in the motion itself, and therefore should be

2    filed under seal.  Defendants have not offered "compelling reasons" to overcome the strong

3    presumption of public access.  They have not argued which parts of the documents require

4    protecting, and have not identified the particular communications that fall under the Protective

5    Order.  The Court will therefore deny the Motion to Seal without prejudice.  The Defendant may

6    file an amended motion within fourteen days.  The files will remain under seal until that time.

7    Should the Defendants choose to file an amended motion to seal, they should include proposed

8    copies of the exhibits with the confidential material redacted.  Accordingly,

9        **IT IS HEREBY ORDERED** that Defendants' Motion to File Under Seal Its Response to

10   Motion to Dismiss Third-Party Complaint (#108) is **denied** without prejudice.  The Response to the

11   Motion to Dismiss (#109) will remain sealed for 14 days from the date of this order.  If the

12   Defendants file an amended motion to seal or object to the Court's order, the Motion shall remain

13   sealed until further order of the Court.

14       **DATED** this 15th day of June, 2015.

15

16   _____

GEORGE FOLEY, JR.
17   United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28