UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Grand Canyon Skywalk Development, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Ruby Steele, et al., <br><br> Defendants. <br><br> David John Cieslak, et al., <br><br> Third-Party Plaintiffs <br><br> v. <br><br> Hualapai Tribe <br><br> Third-Party Defendant | Case No.: 2:13-cv-00596-JAD-GWF <br><br> **Order Granting Third-Party Defendant's Motion to Dismiss and Denying Related Motions as Moot** <br><br> **[ECF 96, 112, 132, 140]** |

Scutari & Cieslak Public Relations, Inc. is a public-relations firm hired by the Hualapai Indian Tribe of the Hualapai Indian Reservation to promote the Grand Canyon Skywalk, a tourist attraction built on tribal land in the Grand Canyon. When the relationship between the Tribe and the project's developer began to fracture, Scutari & Cieslak launched a public-relations campaign that—the developer claims—was defamatory and designed to disparage the developer. After the developer sued Scutari & Cieslak and its principals (collectively "S&C") for defamation and conspiracy, S&C filed third-party claims against the Tribe for indemnity and contribution.

The Tribe now moves to dismiss S&C's claims, arguing that this court lacks jurisdiction over these third-party claims because the Tribe has not waived its sovereign immunity from suit in federal court. I agree and grant the Tribe's motion to dismiss.[1] I then deny as moot S&C's motion to sever

---

[1] Because I grant the motion based on sovereign immunity, I do not reach the Tribe's alternate arguments that it was not properly served or that S&C failed to exhaust tribal-court remedies.

the third party claims and its two requests for oral argument.[2]

## Discussion

In a previous order, I set out the facts of the first-party action, which centers around a series of allegedly defamatory and disparaging statements made about the management of the Skywalk.[3] The relevant details of these third-party claims center on the Tribe[4] and the contract it signed with Scutari & Cieslak. The contract, which S&C drafted, contains an indemnification provision in which the Tribe agreed to "indemnify and hold [S&C] harmless with respect to any claims or actions instituted by third parties [that] result from the use by [S&C] of material furnished by [the Tribe] or where material created by [S&C] is substantially changed by [the Tribe]."[5] But nowhere in the contract, or in any other document, does the Tribe explicitly waive its sovereign immunity.

The Tribe's immunity from suit in all but its tribal courts is clearly articulated in its constitution—"the Tribe is immune from suit except to the extent that the Tribal Council expressly waives sovereign immunity"[6]—and well-protected by case law.[7] S&C argues that the Tribe waived its sovereign immunity by agreeing to the indemnification provision and by agreeing to have the contract governed by Arizona law. As support, it cites *C&L Enterprises, Inc. v. Citizen Band*

---

[2] I find this motion appropriate for disposition without oral argument. *See* Local Rule 78-2.

[3] *See* ECF 66 at 1-3.

[4] The Tribe limited its appearance in court for the purpose of challenging jurisdiction. ECF 96 at 2 (citing Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5)).

[5] ECF 96-1. The third-party complaint references this contract, so I can consider it without converting the Tribe's motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

[6] Article XVI, Section 1 of the Constitution of the Hualapi.

[7] *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978) ("Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers."); accord *Michigan v. Bay Mills Indian Community*, 134 S. Ct. 2024, 2030–31 (2014) (describing immunity from suit as one of "the core aspects of sovereignty that tribes possess").

*Potawatomi Indian Tribe of Oklahoma*,[8] in which the Supreme Court ruled that a construction contract's "provision for arbitration and related prescriptions lead us to [the conclusion that the Tribe waived its immunity from suit]."[9]  The Court focused in particular on the arbitration provision, noting that "the contract specifically authorizes judicial enforcement of the resolution through arbitration."[10]  "In sum," it concluded, "the Tribe agreed, by [that] express contract, to adhere to certain dispute resolution procedures."[11]

    No such agreement exists here.  At no point has the Tribe agreed to arbitration, judicial enforcement of an arbitration award, or any other provision authorizing this court to resolve this dispute between it and S&C.  It is true that the Tribe, like the tribe in *C&L*, agreed to a choice-of-law provision: the tribe in *C&L* agreed to be governed by Oklahoma law; the tribe in this case agreed to be governed by Arizona law.  But a choice-of-law provision simply identifies the body of law that will help define the parties' obligations.  It does not commit the parties to a particular court, nor in this case automatically trigger jurisdiction or a sovereign-immunity waiver.

    Given the "strong presumption against waiver of tribal sovereign immunity"[12] and the fact that waiver "'cannot be implied but must be unequivocally expressed,'"[13]  I therefore find that the Tribe has not waived its immunity.  Accordingly, I grant its motion to dismiss, and I deny as moot S&C's alternate motion to sever and its two motions for oral argument.

**Conclusion**

IT IS HEREBY ORDERED that third-party defendant's Motion to Dismiss [**ECF 96**] **is GRANTED**.

---

[8] *C&L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411 (2001).

[9] *Id*. at 418.

[10] *Id*.

[11] *Id*. at 419.

[12] *Santa Clara Pueblo*, 436 U.S. at 58 (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)).

[13] *Id*.

IT IS FURTHER ORDERED that the third-party plaintiffs' Motion to Sever [**ECF 112**], request for a date for oral argument [**ECF 132**], and second request for a date for oral argument [ECF 140] **are DENIED** as moot.

DATED this 30th day of November, 2015

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE